**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

LAURENCE WISDOM

      PLAINTIFF,    CASE NO.

 v.

EXPERIAN INFORMATION
SOLUTIONS, INC; EQUIFAX     **JURY TRIAL DEMANDED**
INFORMATION SERVICES, LLC;
TRANSUNION, LLC; BANK OF
AMERICA; CITIBANK, N.A.; THE
HOME DEPOT; and TXU ENERGY
RETAIL COMPANY, LLC.

      DEFENDANTS.

## COMPLAINT

NOW comes the Plaintiff, Laurence Wisdom (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through his complaint that alleges the following:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

1

4.  All violations by the Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

5.  Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named in this Complaint.

## JURISDICTION AND VENUE

6.  Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

7.  Venue in this District is appropriate under 28 U.S.C. §1391(b).

## PARTIES

8.  Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

9.  Defendant Experian Information Solutions, Inc (hereinafter Experian), is a For-Profit Incorporation that has a headquarters in the Eastern District of Texas as well as being registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

10. Defendant, Equifax Information Services, LLC (hereinafter Equifax), is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d),

to third parties. Based on information and belief, Equifax is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

11. Defendant TransUnion, LLC (hereinafter TransUnion), is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, TransUnion is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

12. Defendants Bank of America, Citibank, N.A., and The Home Depot are Foreign for-profit companies registered to do business in Texas. Defendants are "furnishers" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendants are actively conducting business in the Eastern District of Texas.

13. Defendant TXU Energy Retail Company, LLC (hereinafter TXU), is a For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in the Eastern District of Texas.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

15. An unknown criminal stole the identity of Plaintiff and opened two accounts without his knowledge or approval.

16. After discovering the accounts, Plaintiff obtained a detailed and thorough identity theft police report from the Copperas Cove Police Department's Office in Texas, an FTC Identity Theft Report, and an attorney general of Texas letter. Plaintiff also obtained a copy of the fraudulent credit card application to Home Depot. On information and belief, this fraudulent application, attached herein as Exhibit A, was sent to the credit reporting agencies by Plaintiff and received by them. On information and belief, the attorney general of Texas letter, attached herein as Exhibit C, was sent to the credit reporting agencies, and received by them. Based on information and belief, Defendants TransUnion, Equifax and Experian had received multiple previous disputes from Plaintiff, which included a letter from the Texas state attorney general and a copy of the fraudulent credit card application at Home Depot.

17. Pursuant to the FCRA, Plaintiff mailed detailed dispute packages directly to Experian, Equifax, TransUnion, and Innovis. The dispute packages contained a detailed and thorough dispute letter; an identity theft police report from Copperas Cove Police Department's Office, an FTC Identify Theft Report, and a copy of his Texas driver's license for identification verification. The contents of Plaintiff's dispute packages to Experian, Equifax, and TransUnion, are attached herein as Exhibit B. TransUnion signed for Plaintiff's dispute package on June 22, 2022. Experian signed for Plaintiff's dispute package on June 18, 2022. Equifax signed for Plaintiff's dispute package on June 23, 2022.

18. Plaintiff later viewed an Experian report and discovered that two (2) accounts continued to remain on his credit file/report, even after being notified with a detailed and thorough dispute package. The accounts that continued to report are:

    a.        Bank of America Account #XXXX;

    b.        THD/CBNA Account #603532XXXXXXXXXX;

19. Following Plaintiff's Equifax dispute, Plaintiff discovered that two (2) accounts remained on his Equifax report. The accounts that continued to report are:

    a.        Bank of America Account #XXXX;

    b.        THD/CBNA Account #603532XXXXXXXXXX;

20. Following Plaintiff's TransUnion dispute, Plaintiff discovered that two (2) accounts remained on his TransUnion report. The accounts that continued to report are:

    a.        THD/CBNA Account #603532XXXXXXXXXX;

21. On or about June or July 2022, Plaintiff also disputed TXU Energy Account #1000**** based on the fact that the account did not belong to Plaintiff and Plaintiff never occupied the address associated with the account. The TXU account was subsequently verified by TransUnion and Experian. Plaintiff later disputed the TXU account with Equifax. Equifax also verified the TXU account.

## CAUSES OF ACTION

22. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

23. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages which Plaintiff has suffered.

### COUNT I-VIOLATION OF THE FAIR CREDIT REPORTING ACT

24. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

25.  This suit is brought against all Defendants as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *Experian's FCRA Violations*

26. Defendant Experian violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction that Plaintiff made.

27. After Plaintiff discovered a criminal stole his identity and opened two (2) accounts, he mailed a dispute package directly to Experian. The dispute package contained a detailed and thorough dispute letter, an identity theft police report from Copperas Cove Police Department, an FTC Identity Theft Report pursuant to the FCRA, and a copy of his driver's license for identification verification. *See Exhibit B.* Plaintiff also obtained a copy of the fraudulent credit card application. On information and belief, this application, attached herein as Exhibit A, was sent to the credit reporting agencies by Plaintiff.

28. Experian failed to block the reporting of the disputed and fraudulent information within 4 business days after receipt of Plaintiff's dispute package. After receiving Plaintiff's Identity Theft dispute package, Experian continued to report two (2) accounts out of the two accounts that Plaintiff disputed.

15 U.S.C.S. § 1681c-2 reads:

> (a) Block. Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—
>
>> (1) appropriate proof of the identity of the consumer;
>> (2) a copy of an identity theft report;
>> (3) the identification of such information by the consumer; and
>> (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

29. Experian violated their duty under 15 U.S.C. §1681i(a)(1)(A) by failing to conduct a reasonable investigation into Plaintiff's notices of dispute.

30. Experian violated their duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter.

31. Experian violated their duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed.

32. In addition to failing to block the fraudulent accounts within Plaintiff's dispute package, but Experian did not even conduct a reasonable reinvestigation into the disputed accounts.

33. In addition to the detailed dispute letter, Plaintiff also included documents that proved the information was inaccurate.

34.    Plaintiff's detailed dispute letter expressly informed Experian that they could not rely on the data furnisher's ACDV responses to the investigations because his identity was stolen and the credit information that they are being provided was based on criminal activity.

35.    Experian was notified and made aware of the specific issues from the dispute letter as well as the police report, FTC Identity Theft Report, and driver's license, attached herein as Exhibit B. On information and belief, Experian, as well as the other credit reporting agencies, received a copy of the fraudulent credit card application and letter from the Attorney General of Texas in a previous dispute by Plaintiff. *See Exhibits A and C*. From the information and documents that were provided, it should have been easy for Experian to determine that the accounts did not belong to him and that the accounts are extremely inaccurate.

27.    The fact that Experian is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports is proof that Experian failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information.

15 U.S.C. §1681i(a)(1)(A) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

15  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

28.     Experian is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

29.    If Experian had reasonable procedures to assure maximum accuracy, they would have either deleted and/or blocked the inaccurate information after being notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

(a)  Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

### *Equifax's FCRA Violations*

36. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

37. Defendant Equifax violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction that Plaintiff made.

38. After Plaintiff discovered that a criminal stole his identity and opened two accounts, he mailed a dispute package directly to Equifax. The dispute package contained a detailed and thorough dispute letter, an identity theft police report from Copperas Cove Police Department, an FTC Identity Theft Report pursuant to the FCRA, and his Driver's License. *See Exhibit B.* Plaintiff also later obtained a copy of the fraudulent credit card application. On information and belief, this application, attached herein as Exhibit A, was sent to the credit reporting agencies.

39. Equifax failed to block the reporting of the disputed and fraudulent information within 4 business days after receipt of Plaintiff's dispute package. After receiving Plaintiff's Identity Theft dispute package, Experian continued to report two (2) accounts out of the two accounts that Plaintiff disputed.

15 U.S.C.S. § 1681c-2 reads:

>
> (a) Block. Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—
>
> > (1) appropriate proof of the identity of the consumer;
> > (2) a copy of an identity theft report;
> > (3) the identification of such information by the consumer; and
> > (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

40. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) by failing to conduct a reasonable investigation into Plaintiff's notices of dispute.

41. Equifax violated their duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter.

42. Equifax violated their duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed.

43. In addition to failing to block the fraudulent accounts within Plaintiff's dispute package, but Equifax did not even conduct a reasonable reinvestigation into the disputed accounts.

44. In addition to the detailed dispute letter, Plaintiff also included documents that proved the information was inaccurate.

45.     Plaintiff's detailed dispute letter expressly informed Equifax that they could not rely on the data furnisher's ACDV responses to the investigations because his identity was stolen and the credit information that they are being provided was based on criminal activity.

46.  Equifax was notified and made aware of the specific issues from the dispute letter as well as the police report, FTC Identity Theft Report, and Driver's license attached herein as Exhibit B. On information and belief, Equifax, as well as the other credit reporting agencies, received a copy of the fraudulent credit card application and letter from the Attorney General of Texas in a previous dispute by Plaintiff. *See Exhibits A and C*.. From the information and documents that were provided, it should have been easy for Equifax to determine that the accounts did not belong to him and that the accounts are extremely inaccurate.

27.     The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports is proof that Equifax failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information.

15 U.S.C. §1681i(a)(1)(A) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

> (4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

16  U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information

> (A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

>> (iii)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

>> (iv)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

28.    Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

29.    If Equifax had reasonable procedures to assure maximum accuracy, they would have either deleted and/or blocked the inaccurate information after being notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

> (b)  Accuracy of the Report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual

about whom the report relates.

### *TransUnion's FCRA Violations*

47. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

48. Defendant TransUnion violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction that Plaintiff made.

49. After Plaintiff discovered that a criminal stole his identity and opened two accounts, he mailed a dispute package directly to TransUnion. The dispute package contained a detailed and thorough dispute letter, an identity theft police report from Copperas Cove Police Department, an FTC Identity Theft Report pursuant to the FCRA, and a copy of Plaintiff's driver's license. *See Exhibit B.* Plaintiff also later obtained a copy of the fraudulent credit card application. On information and belief, this application, attached herein as Exhibit A, was sent to the credit reporting agencies.

50. TransUnion failed to block the reporting of the disputed and fraudulent information within 4 business days after receipt of Plaintiff's dispute package. After receiving Plaintiff's Identity Theft dispute package, TransUnion continued to report the Citibank Home Depot account that Plaintiff disputed.

15 U.S.C.S. § 1681c-2 reads:

(a) Block. Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer

identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—

(1) appropriate proof of the identity of the consumer;
(2) a copy of an identity theft report;
(3) the identification of such information by the consumer; and
(4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

51. TransUnion violated their duty under 15 U.S.C. §1681i(a)(1)(A) by failing to conduct a reasonable investigation into Plaintiff's notices of dispute.

52. TransUnion violated their duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter.

53. TransUnion violated their duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed.

54. In addition to failing to block the fraudulent accounts within Plaintiff's dispute package, but TransUnion did not even conduct a reasonable reinvestigation into the disputed accounts.

55. In addition to the detailed dispute letter, Plaintiff also included documents that proved the information was inaccurate.

56.    Plaintiff's detailed dispute letter expressly informed TransUnion that they could not rely on the data furnisher's ACDV responses to the investigations because his identity was stolen and the credit information that they are being provided was based on criminal activity.

57. TransUnion was notified and made aware of the specific issues from the dispute letter as well as the police report, FTC Identity Theft Report, and Driver's License attached herein as Exhibit B. On information and belief, TransUnion, as well as the other credit reporting agencies, received a copy of the fraudulent credit card application and letter from the Attorney General of Texas in a previous dispute by Plaintiff. *See Exhibits A and C.* From the information and

documents that were provided, it should have been easy for TransUnion to determine that the accounts did not belong to him and that the accounts are extremely inaccurate.

58. The fact that TransUnion is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports is proof that TransUnion failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information.

15 U.S.C. §1681i(a)(1)(A) reads:

    (a)  Reinvestigations in case disputed information

    (1) Reinvestigation required

        (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

        (4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

17  U.S.C. §1681i(a)(5) reads:

        (5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(v)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(vi)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

59. TransUnion is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

60.  If TransUnion had reasonable procedures to assure maximum accuracy, they would have either deleted and/or blocked the inaccurate information after being notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

(c)  Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

## BANK OF AMERICA'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

61. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

62. At all times pertinent hereto, BANK OF AMERICA is a "person" as that term is used and defined under 15 U.S.C. § 1681a.

63. BANK OF AMERICA supplied Experian, Equifax, and TransUnion (hereinafter collectively "the Credit Reporting Agencies") with information about Plaintiff that was fraudulent, false, misleading, and inaccurate. It is on information and belief that after the Credit Reporting Agencies received Plaintiff's dispute package, the Credit Reporting Agencies notified and forwarded Plaintiff's dispute package to BANK OF AMERICA.

64. BANK OF AMERICA willfully and negligently failed to conduct a reasonable investigation of the fraudulent and inaccurate information that Plaintiff disputed. Had BANK OF AMERICA conducted a reasonable investigation they would have recognized that the account did not belong to Plaintiff and would have properly deleted the account from Plaintiff's credit files/reports.

65. BANK OF AMERICA willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

## CITIBANK, N.A. VIOLATIONS OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

66. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

67. At all times pertinent hereto, both CITIBANK, N.A. is considered a "person" as that term is used and defined under 15 U.S.C. § 1681a.

68. CITIBANK, N.A. supplied the Credit Reporting Agencies with information about Plaintiff that was fraudulent, false, misleading, and inaccurate. It is on information and belief that after the Credit Reporting Agencies received Plaintiff's dispute package, the Credit Reporting Agencies notified and forwarded Plaintiff's dispute package to CITIBANK, N.A.

69. CITIBANK, N.A. willfully and negligently failed to conduct reasonable investigations of the fraudulent and inaccurate information that Plaintiff disputed. Had CITIBANK, N.A. conducted reasonable investigations they would have recognized that the account did not belong to Plaintiff and would have properly deleted the account from Plaintiff's credit files/reports.

70. CITIBANK, N.A. willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

## THE HOME DEPOT VIOLATIONS OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

71. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

72. At all times pertinent hereto, THE HOME DEPOT is considered a "person" as that term is used and defined under 15 U.S.C. § 1681a.

73. THE HOME DEPOT supplied the Credit Reporting Agencies with information about Plaintiff that was fraudulent, false, misleading, and inaccurate. It is on information and belief that after the Credit Reporting Agencies received Plaintiff's dispute package, the Credit Reporting Agencies notified and forwarded Plaintiff's dispute package to THE HOME DEPOT.

74. THE HOME DEPOT willfully and negligently failed to conduct reasonable investigations of the fraudulent and inaccurate information that Plaintiff disputed. Had THE HOME DEPOT conducted reasonable investigations they would have recognized that the account did not belong to Plaintiff and would have properly deleted the account from Plaintiff's credit files/reports.

75. THE HOME DEPOT willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

## TXU ENERGY RETAIL COMPANY, LLC'S VIOLATIONS OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

76. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

77. At all times pertinent hereto, TXU is considered a "person" as that term is used and defined under 15 U.S.C. § 1681a.

78. TXU supplied the Credit Reporting Agencies with information about Plaintiff that was fraudulent, false, misleading, and inaccurate. It is on information and belief that after the Credit Reporting Agencies received Plaintiff's dispute package, the Credit Reporting Agencies notified and forwarded Plaintiff's dispute package to TXU.

79. TXU willfully and negligently failed to conduct reasonable investigations of the fraudulent and inaccurate information that Plaintiff disputed. Had TXU conducted reasonable investigations they would have recognized that the account did not belong to Plaintiff and would have properly deleted the account from Plaintiff's credit files/reports.

80. TXU willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.   Such other and further relief as may be necessary, just and proper.

Dated:  February 3, 2023

Respectfully Submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@crediterrorlaw.com
Telephone: 225-412-2777

/s/Kyle Kaufman
Kyle Kaufman
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 39232
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
kyle@crediterrorlaw.com
Telephone: 225-412-2777

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar Roll No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
Telephone: (214) 296-9240
Fax (817) 887- 5069
dennis@crediterrorlaw.com